**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 96-60282
Summary Calendar
_____


AMERICAN STATES INSURANCE COMPANY,

                              Plaintiff-
                              Counter-Defendant-
                              Appellee,

                    VERSUS

        THE ESTATE OF EFFIE NABORS;
    LESLIE LEATHERMAN, d/b/a Quick Tune, Inc.,
                    and
            TULLY MCCRORY,

                              Defendants-
                              Counter-Claimants-
                              Appellants.


_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:94CV179-B)
_____
October 9, 1996


Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

The Estate of Effie Neighbors,[1] Leslie Leatherman (d/b/a "Quick Tune, Inc."), and Tully McCrory (collectively, the "defendants") appeal a summary judgment in favor of American States Insurance Company ("ASI").  Finding no error, we affirm.

## I.

This action arises out of a wrongful death claim filed on behalf of the heirs of Effie Neighbors against Tully McCrory, individually and in his capacity as an employee of Quick Tune, Inc. ("Quick Tune").  It is undisputed that McCrory, while operating his wife's vehicle on the Quick Tune premises, negligently collided with Neighbors as she walked across the Quick Tune parking lot, from which collision Neighbors later died.

ASI, the underwriter of a garage operations liability policy for Quick Tune, brought this declaratory action to determine whether the accident is covered under the liability policy.  The district court granted summary judgment in favor of ASI, concluding that Neighbors's injury did not arise from McCrory's use of an automobile in the insured's garage operations or from activities necessary or incidental to the garage business.

## II.

We review summary judgment *de novo*.  *See Hanks v. Transconti-*

---

[1] This case apparently was captioned with an incorrect spelling, "Nabors."

2

*nental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992).
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).

The gravamen of defendants' theory of coverage is that because McCrory was acting in the scope of employment at the time Neighbors was struck, the ASI policy should attach.  But whether McCrory was acting in the scope of employment[2] is inapposite to the question of whether ASI is responsible for the injuries; we look to the garage operations liability policy to determine the latter.

The ASI policy covers bodily injury caused by an accident and resulting from "garage operations" involving the ownership, maintenance, or use of a "covered automobile."  Under the policy terms, a "covered automobile" is one owned by an employee or member of his household while used in the garage business.  "Garage operations" include the ownership, maintenance, or use of a "covered automobile" and all operations necessary or incidental to a garage business.  Hence, in order for coverage to attach to the

---

[2] Defendants insist that, as a fringe benefit of employment, Quick Tune permitted its employees to service their own vehicles without charge.  McCrory contends, in turn, that because he was proceeding to service the vehicle at the time he struck Neighbors, he was acting within the scope of employment.  Whether such actions were undertaken within the scope of employment is indeed relevant to Neighbors's ability to seek damages from Quick Tune under the appropriate Mississippi state law governing employer/employee responsibilities, but it does not bear on the question of insurance coverage.

3

accident, McCrory's wife's car must have been "used in the garage business" or "necessary or incidental to a garage business."

Defendants posit that Quick Tune's permitting its employees to service their own cars free of charge, which McCrory alleges that he was intending to do when he negligently backed over Neighbors, is sufficient to show that the car was used or was necessary or incidental to the garage business. Without any legal citation, defendants proffer a rule that actions of Quick Tune employees from which it receives benefits—here, the purported employee recruitment advantages and skill development opportunities attendant to the policy of allowing employees to service their cars without charge—evince use in, or necessary or incidental to, the garage business.

Such a rule, however, would strain the plain and ordinary meaning of the language of the policy, bringing within its ambit activities that the parties did not, at the time of contracting, contemplate or intend to include.[3] In contrast, were the benefits

---

[3] *See Travelers Indem. Co. v. Nix*, 644 F.2d 1130, 1132 (5th Cir. Unit B May 1981):

> It is quite apparent that the parties in contracting for this insurance policy did not contemplate anything other than what the policy plainly intends: coverage for liability arising out of the conduct of the business, or incidental to the business. . . . The policy does not provide coverage for personal liability arising from personal matters and cannot be extended to provide coverage for such liability.

It is also important to note that we do not intend, by our use of the term "personal liability," to hinge our decision on the contested fact issue of whether McCrory was "on the clock" or on his personal time (intending to pick up some maps for his impending hunting trip) when he hit Neighbors. Rather, we use the term "personal" in contrast to activities that are incidental or necessary to the garage business.

conferred upon Quick Tune a result of a condition of employmentSSi.e., if Quick Tune *required* its employees to shore up their mechanical skills by practicing on their own c-arsSSdefendants' proposed rule might be limited appropriately in scope.  Because we conclude that the district court properly determined that as a matter of law McCrory's use of his wife's automobile at the time he struck Neighbors was not a garage business use or incidental or necessary to a garage business, we affirm.[4]

III.

Defendants next contend that this action should be dismissed as to all parties because the Estate of Neighbors did not receive service of process within 120 days of ASI's filing suit.  *See* FED. R. CIV. P. 4(j).  ASI does not contest its failure to meet the 120-day requirement but notes that the Estate filed an answer in September 1995 in which it did not assert defect in service as a defense.  Under FED. R. CIV. P. 12(h)(1)(B), the defense of insufficient service of process is waived unless made in a party's first responsive pleading or an amendment thereto allowed as a matter of course.  *See Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988).

---

[4] Because we affirm summary judgment after a *de novo* review of the record, we need not reach defendants' second issue on appeal, which is that the district court abused its discretion in denying their motion for reconsideration of summary judgment.

5

Finally, defendants challenge the grant of their own motion to sever the Estate from these proceedings on the ground that the Estate was not a necessary party. Defendants expressly requested such action of the district court, and the court complied, so defendants may not complain. *See Tel-phonic Serv., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

AFFIRMED.